```
UNITED STATES DISTRICT COURT                        FILED
EASTERN DISTRICT OF NEW YORK                   IN CLERK'S OFFICE
                                          U.S. DISTRICT COURT E.D.N.Y.
-----------------------------------------X
JOSEPH M. WOLM,                           ★    OCT 08 2014   ★

                    Plaintiff,                 LONG ISLAND OFFICE

        -against-                              MEMORANDUM AND ORDER
                                               14-CV-3978 (JFB)(GRB)
LAURA AHEARN, Suffolk County Executive
STEVE BELLONE, Suffolk County Police Chief
JAMES BURKE,

                    Defendants.
-----------------------------------------X
JOSEPH M. WOLM,

                    Plaintiff,

                                               14-CV-4117 (JFB)(GRB)
        -against-

STATE OF NEW YORK, Office of the Attorney
General, Albany, New York, THE COUNTY OF
SUFFOLK, Hauppauge, New York, TOWN OF
SOUTHAMPTON, Mayor, Mark Epley,

                    Defendants.
-----------------------------------------X
```

JOSEPH F. BIANCO, District Judge:

On June 25, 2014, *pro se* plaintiff Joseph M. Wolm ("plaintiff") filed an *in forma pauperis* civil rights complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") against Laura Ahearn[1], Suffolk County Executive Steven Bellone and Suffolk County Police Chief James Burke that was assigned docket number 14-CV-3978 (the "first complaint"). On July 2, 2014, plaintiff filed another *in forma pauperis* civil rights complaint pursuant to Section 1983 alleging the same claim against the State of New York, the County of Suffolk, and the Town of

---

[1] The court notes that Laura Ahearn is the Executive Director of Parents for Megan's Law. *See* www.parentsformeganslaw.org (last visited on October 8, 2014).

Southampton. The second complaint was assigned docket number 14-CV-4117 (the "second complaint") (together with the first complaint, "complaints"). Both complaints challenge the constitutionality of the state and local Sex Offender Registry Acts. More specifically, plaintiff, a registered sex offender, claims to have been deprived "the right to reside where [he] chooses without government obstruction." (*See* Complaints at ¶ IV.) Though plaintiff has left blank the section on each complaint form that calls for a description of any injuries suffered, plaintiff seeks to recover a "damages" award of $25 million in each complaint. (Complaints at ¶¶ IV.A.,V.)

Accordingly, for the reasons that follow, the Court consolidates plaintiff's complaints under the first-filed docket number, 14-CV-3978 and orders that the case assigned docket number 14-4117 be closed.

## DISCUSSION

I. Application to Proceed *In Forma Pauperis*

Upon review of plaintiff's declarations in support of his applications to proceed *in forma pauperis*, the Court determines that plaintiff's financial status qualifies him to commence these actions without prepayment of the filing fees. *See* 28 U.S.C. § 1915(a)(1). Therefore, plaintiff's requests to proceed *in forma pauperis* are granted.

II. Consolidation of the Complaints

Under Federal Rule of Civil Procedure 42, "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). "The trial court has broad discretion to determine whether consolidation is appropriate." *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir. 1990).

Consolidation is appropriate in order to serve the interests of judicial economy. *See, e.g., Jacobs v. Castillo*, No. 09 Civ. 953 (CM), 2009 WL 1203942, at *3 (S.D.N.Y. Apr. 23, 2009) ("Consolidation would further the goal of 'judicial economy' because discovery in each case is likely to be identical, motion practice and trial in the two cases would most likely cover the same facts and some identical issues of law."). Specifically, consolidation of cases with common questions of law or fact is favored "to avoid unnecessary costs or delay," *Johnson*, 899 F.2d at 1284, and to "expedite trial and eliminate unnecessary repetition and confusion," *Devlin*, 175 F.3d at 130 (internal citations omitted). Cases may be consolidated where, as here, there are different parties in the complaints. *See Werner v. Satterlee, Stephens, Burke & Burke*, 797 F. Supp. 1196, 1211 (S.D.N.Y. 1992) ("The fact that there are different parties in this action does not mean this case should not be consolidated."); *see also Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co., Inc.*, 229 F.R.D. 395, 402 (S.D.N.Y. 2004) (explaining that consolidation is appropriate even where certain defendants are named in only one of the complaints). The paramount concern is whether savings of expense and gains of efficiency can be accomplished without sacrifice of justice. *Johnson*, 899 F.2d at 1285 ("Considerations of convenience and economy must yield to a paramount concern for a fair and impartial trial.").

"The Second Circuit has long adhered to the first-filed doctrine in deciding which case to dismiss where there are competing litigations. Where there are several competing lawsuits, the first suit should have priority, absent the showing of balance of convenience or special circumstances giving priority to the second." *Kellen Co. v. Calphalon Corp.*, 54 F. Supp. 2d 218, 221 (S.D.N.Y. 1999) (internal quotation marks, alterations, and citations omitted); *accord Adam v. Jacobs*, 950 F.2d 89, 92 (2d Cir. 1991); *First City Nat'l Bank & Trust Co. v. Simmons*, 878

F.2d 76, 79 (2d Cir. 1989). The first-filed rule seeks to conserve judicial resources and avoid duplicative litigation. *See Adam v. Jacobs*, 950 F.2d 89, 92 (2d Cir. 1991); *First City Nat'l Bank & Trust Co.*, 878 F.2d at 80; *Kellen*, 54 F. Supp. 2d at 221.

Here, both of the complaints filed by plaintiff challenge state and local law concerning residency restrictions for registered sex offenders. Apart from the identity of the defendants in each case, the factual allegations set forth in both complaints are virtually identical. However, the fact that the defendants are different in the two actions does not mean that the cases should not be consolidated. *See Werner*, 797 F. Supp. at 1211. Rather, the Court, in its discretion, has determined that this difference, together with the common questions of law and fact in both cases, do not outweigh the interests of judicial economy served by consolidation. Accordingly, the Court orders that plaintiff's complaints be consolidated pursuant to Federal Rule of Civil Procedure 42 into the first filed case, 14-CV-3978. The Clerk of Court is directed to: (1) consolidate these actions; (2) mark the second case (14-CV-4117) closed; and (3) forward copies of the summonses, the complaints, and this Order to the United States Marshal Service for service upon the defendants forthwith.

## CONCLUSION

For the reasons set forth above, plaintiff's application to proceed *in forma pauperis* is granted and the first and second complaints are consolidated into plaintiff's first-filed case, 14-3978. The Clerk of Court is directed to mark the second case (14-CV-4117) closed and all future filings are to be docketed in case 14-CV-3978. The Clerk of Court is further directed to forward copies of the summonses, the complaints, and this order to the United States Marshal Service for service upon the defendants forthwith and to mail a copy of this Order to plaintiff at

his last known address.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

JOSEPH F. BIANCO
United States District Judge

Dated: October 8, 2014
Central Islip, New York